IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM F. HOLDNER D/B/A          3:16-CV-00475-BR
HOLDNER FARMS,

                                OPINION AND ORDER
        Plaintiff,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Defendant.


WILLIAM F. HOLDNER
975 S.E. Sandy Blvd
Portland, OR 97214
(503) 233-4601

        Plaintiff, *Pro Se*

BILLY J. WILLIAMS
United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

**CAROLINE D. CIRAOLO**
Principal Deputy Assistant Attorney General
**DYLAN C. CERLING**
Assistant Attorney General
United States Department of Justice
P.O. Box 683
Washington, DC 20044
(202) 616-3395

      Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Defendant's Motion
(#15) to Dismiss for Lack of Subject-Matter Jurisdiction, Failure
to State a Claim for Relief, and Res Judicata.  For the reasons
that follow, the Court **GRANTS** Defendant's Motion and **DISMISSES**
this matter **with prejudice.**


## BACKGROUND

    The following facts are taken from Plaintiff's Complaint and
the parties' materials related to Defendant's Motion to Dismiss.

    During the relevant period Plaintiff William Holdner and his
son Randal Holdner (collectively referred to as the Holdners) ran
Holdner Farms, a cattle business.  The Holdners each "effectively
reported one-half of Holdner Farms' gross income for 2004, 2005,
and 2006 on Schedules F, Profit or Loss From Farming and
Schedules D, Capital Gains and Losses, of their respective
Federal income tax returns for those years."  Decl. of Dylan
Cerling, Ex. 4 at 2.  The Holdners, however, did not split the

2 - OPINION AND ORDER

expenses of Holdner Farms equally on their tax returns. Plaintiff "deducted most of Holdner Farms' expenses."  *Id*. at 3. The Holdners also did not file federal partnership returns.

At some point the Internal Revenue Service (IRS) issued Notices of Deficiency to each of the Holdners in which it determined:  (1) Holdner Farms was a partnership (or a joint venture taxed as a partnership) for federal income-tax purposes in 2004-2006, (2) the Holdners were equal partners in the partnership, and (3) Plaintiff was liable for an accuracy-related penalty for 2004-2006 pursuant to 26 U.S.C. § 6662.  The Holdners petitioned the United States Tax Court to review the IRS's determinations.

On August 4, 2010, the Tax Court issued a Memorandum Findings of Fact and Opinion in which it found "the allocation of expenses made by [Plaintiff] had no apparent rational basis and appeared completely arbitrary."  Cerling Decl., Ex. 4 at 15.  The Tax Court held Holdner Farms was a partnership rather than a joint venture of two individual proprietorships or at least had to be treated as such for federal tax purposes.  *Id*. at 29–31. Accordingly, the Tax Court held the Holdners had to allocate income and expenses equally and that the IRS had properly assessed an accuracy-related penalty for Plaintiff because he had incorrectly included expenses on his tax return that should have been included on Randal Holdner's tax return.  *Id*. at 32-37, 40.

On September 7, 2010, Plaintiff filed a motion with the Tax Court seeking reconsideration of its opinion.  On October 22, 2010, the Tax Court denied Plaintiff's motion for reconsideration.  Plaintiff appealed.  On October 12, 2012, the Ninth Circuit affirmed the Tax Court's decisions.

At some point Plaintiff brought another action in Tax Court addressing the same tax years at issue in his 2010 proceeding and asserting the same arguments against his deficiency and penalty assessments that he had asserted in his 2010 proceeding.  The parties cross-moved for summary judgment.

On November 13, 2013, the Tax Court granted the Commissioner's motion for summary judgment and denied Plaintiff's motion for summary judgment noting Plaintiff "is barred by the doctrine of *res judicata* from attempting to challenge his liabilities a second time in this proceeding."  Cerling Decl., Ex. 7 at 5.

Plaintiff appealed the Tax Court's November 2013 decision.  On November 18, 2015, the Ninth Circuit affirmed the decision and noted the Tax Court had properly concluded Plaintiff "was precluded from challenging the validity of the underlying tax assessments, as the matter had been resolved in prior litigation."  Cerling Decl., Ex. 8 at 3.  The Ninth Circuit also noted it did "not consider [Plaintiff's] contentions concerning the propriety of the judgment entered in his [2010] tax case,

which were addressed in a prior appeal." *Id.*

On March 18, 2016, Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 in which he alleges "the collection of assessments[1] for the years 2004, 2005, and 2006 are invalid under the Internal Revenue Code"; the original Notice of Deficiency was defective; and "the IRS audit was not conducted in accordance with statutory and administrative procedures and therefore the assessments are invalid in violation of due process." Compl. at 2.

On September 21, 2016, Defendant filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction, Failure to State a Claim for Relief, and Res Judicata. The Court took Defendant's Motion under advisement on October 20, 2016.

## STANDARDS

### I.  Dismissal for Lack of Jurisdiction Pursuant to Rule 12(b)(1)

Plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *United States ex rel. Mateski v. Raytheon* Co., 816 F.3d 565, 569 (9th Cir. 2016)(quotation omitted). See *also Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

When deciding a motion to dismiss for lack of subject-matter

---

[1] The record does not reflect Plaintiff has paid the deficiencies or penalties assessed against him or that he has filed a refund claim related to tax years 2004-2006.

jurisdiction under Rule 12(b)(1), the court may consider
affidavits and other evidence supporting or attacking the
complaint's jurisdictional allegations. *Rivas v. Napolitano*, 714
F.3d 1108, 1114 n.1 (9th Cir. 2013). The court may permit
discovery to determine whether it has jurisdiction. *Laub v.
United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir.
2003). When a defendant's motion to dismiss for lack of
jurisdiction "is based on written materials rather than an
evidentiary hearing, the plaintiff need only make a *prima facie*
showing of jurisdictional facts to withstand the motion to
dismiss." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d
1218, 1223 (9th Cir. 2011)(citation omitted).

## II.  Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6)

> To survive a motion to dismiss, a complaint must
> contain sufficient factual matter, accepted as
> true, to "state a claim to relief that is
> plausible on its face." [*Bell Atlantic v.
> Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A
> claim has facial plausibility when the plaintiff
> pleads factual content that allows the court to
> draw the reasonable inference that the defendant
> is liable for the misconduct alleged. *Id.* at 556.
> . . . The plausibility standard is not akin to a
> "probability requirement," but it asks for more
> than a sheer possibility that a defendant has
> acted unlawfully. *Ibid.* Where a complaint pleads
> facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line
> between possibility and plausibility of
> 'entitlement to relief.'" *Id.* at 557, 127 S. Ct.
> 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). *See also Bell*

*Atlantic*, 550 U.S. at 555-56.  The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff.  *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

The pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  *See also* Fed. R. Civ. P. 8(a)(2).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (citing *Twombly*, 550 U.S. at 555).  A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(citation omitted).  A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted).

**DISCUSSION**

Defendant moves to dismiss Plaintiff's Complaint on the grounds that this Court lacks subject-matter jurisdiction, this matter is barred by *res judicata*, and Plaintiff fails to state a claim.

## I.    Substitution of United States for Commissioner.

The Supreme Court and Ninth Circuit have made clear that a claim against an officer or agent of the United States concerning actions taken in his official capacity must be construed as an action against the United States. *See Dugan v. Rank*, 372 U.S. 609 (1963). *See also Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985)("[A] suit against IRS employees in their official capacity is essentially a suit against the United States."); *Lai v. Ipson*, 474 F. App'x 595, 596 (9th Cir. 2012)(same).

Accordingly, the Court substitutes the United States as Defendant in this matter.

## II.   This Court lacks subject-matter jurisdiction.

In his Complaint Plaintiff "prays the collection of the assessments and penalties are reversed."  Compl. at 8.

28 U.S.C. § 1346(a)(1) provides district courts have "original jurisdiction, concurrent with the United States Court of Federal Claims" over civil actions against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any

penalty claimed to have been collected without authority or any
sum alleged to have been excessive or in any manner wrongfully
collected under the internal-revenue laws."  The Supreme Court
noted:  "Despite its spacious terms, § 1346(a)(1) must be read in
conformity with other statutory provisions which qualify a
taxpayer's right to bring a refund suit upon compliance with
certain conditions."  *United States v. Dalm*, 494 U.S. 596, 601
(1990).  Specifically, 26 U.S.C. § 7422(a)

> limits a taxpayer's right to bring a refund suit
> by providing that "[n]o suit or proceeding shall
> be maintained . . . for the recovery of any
> internal revenue tax alleged to have been
> erroneously or illegally assessed or collected, or
> of any penalty claimed to have been collected
> without authority, or of any sum alleged to have
> been excessive or in any manner wrongfully
> collected, until a claim for refund or credit has
> been duly filed with the Secretary."

*Id*. (quoting § 7422(a)).  *See also Byrne v. United States*, 127
Fed. Cl. 284, 290 (2016)("To file a federal tax refund suit . . .
a plaintiff first must file a claim for refund with the IRS,
within the time period proscribed by 26 U.S.C. § 6511(a).").

In addition, the Supreme Court has held a taxpayer must
fully pay a tax assessment before he may bring a refund action
pursuant to § 1346.  *Flora v. United States*, 362 U.S. 145, 177
(1960).  *See also Intersport Fashions West, Inc. v. United
States*, 84 Fed. Cl. 454, 456 (2008)("[T]he Supreme Court has
limited the jurisdiction of this court (and the district courts)
in tax refund suits to those claims in which the taxpayer has

9 - OPINION AND ORDER

paid fully all tax assessed for the tax year at issue prior to the initiation of the claim."); *Byrne v. United States*, 127 Fed. Cl. 284, 290 (2016)("[B]efore filing suit, a taxpayer must pay the full amount of the tax alleged to be due.").

Finally, 26 U.S.C. § 6512 provides "no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court" when "the Secretary has mailed to the taxpayer a notice of deficiency . . . and . . . the taxpayer files a petition with the Tax Court . . . [and] the Secretary has determined the deficiency shall be allowed or made." Accordingly, § 6512 "precludes a district court from redetermining tax liability once the Tax Court has done so." *George v. United States*, No. C07-01369 MJJ, 2007 WL 2318922, at *2 (N.D. Cal. Aug. 13, 2007)(citing *First Nat'l Bank of Chicago v. United States*, 792 F.2d 954, 956 (9th Cir. 1986). The Ninth Circuit has held § 6512 has a "broad general application [such] that if the taxpayer files a petition with the tax court, the mere filing of the petition operates to deprive the district court of jurisdiction to entertain a subsequent suit for refund." *First Nat'l Bank of Chicago*, 792 F.2d at 956. The court stated this is the rule even when the issues sought to be litigated in the district court were not presented in the Tax Court. *Id.* at 955 ("It is not the decision which the Tax Court makes but the fact that the taxpayer has resorted to that court which ends his

opportunity to litigate in the District Court his tax liability for the year in question.").

Thus, in order for this Court to have jurisdiction over this matter, Plaintiff must establish he has filed a claim for refund with the IRS, he has paid the full amount of tax allegedly due, and he has not filed a petition with the Tax Court.

Plaintiff did not allege in his Complaint or in his Response to Defendant's Motion to Dismiss that he has filed a refund claim with the IRS.  In addition, the record filed by Defendant that includes a report summarizing Plaintiff's tax returns, assessments, deficiencies, and payments does not reflect Plaintiff has filed any refund claim.  Plaintiff, therefore, has not established he filed a refund claim before he filed this action.  In addition, it is undisputed that Plaintiff has not fully paid his taxes and penalties for the period at issue. Finally, the record reflects Plaintiff has twice challenged the IRS's Notices of Deficiency for tax years 2004-2006 in Tax Court. Thus, Plaintiff has not established this Court has subject-matter jurisdiction as to Plaintiff's refund claim.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff Complaint for lack of subject-matter jurisdiction.

**III. The Anti-Injunction Act bars Plaintiff's claim to the extent that he seeks declaratory or prospective relief.**

Defendant asserts to the extent that Plaintiff seeks declaratory or prospective relief, this Court lacks subject-

11 - OPINION AND ORDER

matter jurisdiction due to the Anti-Injunction Act, 26 U.S.C.
§ 7421.  Specifically, the Anti-Injunction Act states:  "[E]xcept
as provided in [sections of the Internal Revenue Code not
relevant here] no suit for the purpose of restraining the
assessment or collection of any tax shall be maintained in any
court by any person."  26 U.S.C. § 7421(a).  The Supreme Court
has held the "principal purpose" of the Anti-Injunction Act is to
"protect[] . . . the Government's need to assess and collect
taxes as expeditiously as possible with a minimum of
preenforcement judicial interference, and to require that the
legal right to the disputed sums be determined in a suit for
refund."  *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736
(1974)(quotation omitted).  *See also Hansen v. Dep't of Treasury*,
528 F.3d 597, 600 (9th Cir. 2007)(same).

     The Ninth Circuit has held an action that does not fall
within an exception to the Anti-Injunction Act must be dismissed
for lack of subject-matter jurisdiction.  *See Elias v. Connett*,
908 F.2d 521, 526 (9th Cir. 1990)(concluding the district court
did not have subject-matter jurisdiction when the plaintiff did
not establish his action fell within any exception to the Anti-
Injunction Act).  *See also Hansen*, 528 F.3d at 601 ("[T]he
Anti-Injunction Act precludes federal jurisdiction over Hansen's
claim [seeking an exemption from self-employment social security
taxes] unless he is able to satisfy the judicially created

12 - OPINION AND ORDER

exception to the Act.").

It is undisputed that none of the statutory exceptions to the Anti-Injunction Act apply here. The Supreme Court, however, has also recognized a limited judicial exception when a taxpayer establishes: (1) "under no circumstances" could the United States ultimately prevail on the merits and (2) the plaintiff would suffer irreparable injury for which they do not have any adequate remedy at law. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 6-8 (1962). *See also United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 12-13 (2008)(same). Plaintiff, however, cannot satisfy either prong of the judicial exception. Specifically, Plaintiff cannot establish the United States will not prevail on the merits of this matter under any circumstances because the IRS has already prevailed in Tax Court and in the Ninth Circuit on the issues raised in Plaintiff's claim. In addition, Plaintiff has not established his tax and penalty assessments have placed him in danger of immediate, irreparable injury for which he does not have any adequate remedy at law. Plaintiff could pay the assessed taxes, file a proper refund claim with the IRS, and file a refund action if the IRS denies that claim. *See Hansen*, 528 F.3d at 601 (finding the plaintiff could not satisfy the judicial exception because "[t]his is not a case in which an aggrieved party has no access at all to judicial review. . . . [The plaintiff] may pay income taxes, or, in their

13 - OPINION AND ORDER

absence, an installment of FICA or FUTA taxes, exhaust the
Service's internal refund procedures, and then bring suit for a
refund.  These review procedures offer petitioner a full, albeit
delayed, opportunity to litigate [his claims].").  Thus, the
Court concludes the Anti-Injunction Act applies to Plaintiff's
claim and, therefore, this Court lacks subject-matter
jurisdiction as to Plaintiff's claim to the extent that he seeks
declaratory or prospective relief.

## IV. Even if this Court has subject-matter jurisdiction, Plaintiff's claim is barred by *res judicata*.

Defendant asserts even if this Court has jurisdiction,
Plaintiff's claim is barred by *res judicata* because Plaintiff
already has litigated his claims twice in the Tax Court.

Although Plaintiff asserts in his Response that *res judicata*
"may not be a bar to Federal Due Process Rights or a challenge of
a collection of tax in violation of the tax code," the Ninth
Circuit has made clear that "[r]es judicata principles apply in
tax litigation." *Russell v. Comm'r*, 678 F.2d 782, 785 (9th Cir.
1982)(citing *Comm'r v. Sunnen*, 333 U.S. 591 (1948)).  *See also
Singh v. United States*, No. 2:13-cv-780-TLN-EFB PS, 2015 WL
1801347, at *2 (E.D. Cal. Mar. 31, 2015)("Plaintiff essentially
seeks to relitigate the issues already resolved by the Tax Court,
which are the subject of appeals pending before the Ninth
Circuit. He is barred from doing so.  This Court lacks
jurisdiction to review the decision of the Tax Court. . . .

14 - OPINION AND ORDER

Furthermore, Plaintiff's claim is barred by the doctrine of *res judicata."*)(citing *Russell*, 678 F.2d at 785)).  In addition, "[p]arties are bound by *res judicata* as to both matters decided and matters which could have been raised once a court of competent jurisdiction has entered a final judgment on the merits of an action."  *Russell*, 678 F.2d at 785)(citing *Roberts v. United States*, 423 F. Supp. 1314, 1317 (C.D. Cal. 1976)(prior Tax Court decision on the merits is absolute bar to all matters which might have been decided)).  In fact, the Ninth Circuit specifically held in Plaintiff's appeal of his second action that any challenge of his tax assessments was barred by *res judicata*:

> The Tax Court properly sustained the collection action because Holdner was precluded from challenging the validity of the underlying tax assessments, as the matter had been resolved in prior litigation.  *See* 26 U.S.C. §§ 6330(c)(2)(B), 6330(c)(4)(A)(i)(limiting issues a taxpayer may challenge at a Collection Due Process hearing); *Comm'r v. Sunnen*, 333 U.S. 591, 598-99 (1948)(discussing the application of *res judicata* principles in tax litigation); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005)(summary judgment is a final judgment on the merits for *res judicata* purposes); *Baker v. IRS (In re Baker)*, 74 F.3d 906, 910 (9th Cir. 1996)(*res judicata* precludes relitigation of issues that were or could have been raised in the prior action; "once a taxpayer's liability for a particular year is litigated, 'a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year.'" (citation omitted)).

*Holdner v. C.I.R.*, 623 F. App'x 892, 893 (9th Cir. 2015).

    Here Plaintiff seeks to challenge for a third time the

deficiency and penalty assessments for tax years 2004-2006.  The issues Plaintiff raises in this action are one that he either raised or could have raised in his previous two tax actions.  It is undisputed that the Tax Court has twice sustained the IRS and the Ninth Circuit has twice affirmed the Tax Court.  The Court, therefore, concludes even if this Court has subject-matter jurisdiction, Plaintiff's claim is barred by *res judicata*.

Accordingly, the Court grants Defendant's Motion to Dismiss and dismisses this matter with prejudice.


### CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#15) to Dismiss for Lack of Subject-Matter Jurisdiction, Failure to State a Claim for Relief, and Res Judicata and **DISMISSES** this matter **with prejudice.**

IT IS SO ORDERED.

DATED this 23rd day of November, 2016.


 s/ Anna J. Brown
ANNA J. BROWN
United States District Judge

16 - OPINION AND ORDER